# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**

v.  Case No.: 6:19-cr-85

**EUSEBIO AVILES, III**

## REPORT AND RECOMMENDATION

This matter is before the undersigned on a Motion to Dismiss a petition for revocation of supervised release filed by the Defendant, (Doc. 110) (the "Motion to Dismiss"), and the United States' Response to the same, (Doc. 111). Defendant's Motion to Dismiss is one of several motions filed by the Defendant, pro se, arising out of Defendant's desire to be transferred into federal custody to have that his supervised release petition resolved. For the reasons discussed below, the undersigned will respectfully recommend that the Motion to Dismiss be denied.

Mr. Aviles was sentenced by the Court on January 2, 2020, to 41 months of incarceration, followed by three years of supervised release. (Doc. 72). His term of supervised release began on May 20, 2022, and was set to expire on May 19, 2025. On or about January 28, 2024, Defendant was charged by the Ormond Beach Police Department with Aggravated Battery (Deadly Weapon), in violation of Florida Statute 784.045(1)(a)(2), in Case No. 2024-100751-CFDB in the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida. Based on a review of the docket in that case, it appears that Mr. Aviles was arrested and taken into custody for that

charge on or about October 13, 2024.[1] Since that time, Defendant has been in state custody at the Volusia County Branch Jail awaiting trial. Trial is currently set for October 13, 2025.

Defendant's arrest on that state charge was also a violation of the terms of his supervised release in this case. The United States Probation Office filed a petition for the issuance of a warrant, which was issued by the Court on February 26, 2024. Since his arrest and subsequent detention on the state court charges in late October, the Defendant has filed numerous motions in this matter pro se. Several such motions are currently pending before the Court, including the instant Motion to Dismiss.

Defendant moves to dismiss the petition for revocation of his supervised release based on Federal Rule of Criminal Procedure 32.1. That Rule provides, among other things, that "[a] person held in custody for violating probation or supervised release must be taken without unnecessary delay before a magistrate judge." That person must receive a prompt hearing before the magistrate judge to determine whether probable cause exists to believe that he violated his supervised release. *Id.* 32.1(b)(1). If probable cause exists, the district court must hold a revocation hearing within a reasonable time. *Id.* 32.1(b)(2).

---

[1] A court may judicially notice information about a state case from the state court's database. *See Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013) (taking judicial notice of court documents from a state eviction action at the Federal Rule of Civil Procedure 12(b)(6) stage); *Boyd v. Georgia*, 512 F. App'x 915, 917 (11th Cir. 2013) (finding the district court properly judicially noticed on its own motion the online record of a related state-court criminal proceeding as the basis for dismissing plaintiff's civil rights complaint under *Younger v. Harris*, 401 U.S. 37 (1971)); *Crenshaw v. City of Defuniak Springs,* No. 3:13cv50/MCR/EMT, 2014 WL 667689, at *3 n.1 (N.D. Fla. Feb. 20, 2014) (collecting cases).

But Rule 32.1 applies to those "in custody *for violating a condition of supervised release.*" Fed. R. Crim. P. 32.1(b)(1) (emphasis added); (*see* Doc. 111 at 2). The federal warrant in this case was not executed because the Defendant was first taken into state custody for Aggravated Battery. It is not until his transfer to federal custody that he is "in custody for violating a condition of his supervised release." *United States v. Dempsey*, 479 F. App'x 935, 936–37 (11th Cir. 2012) (*citing Cook v. U.S. Att'y Gen.,* 488 F.2d 667, 671 (5th Cir. 1974) ("[E]xecution of the warrant is the operative factor in triggering the availability of the revocation hearing.")). Thus, the time in which to hold his revocation hearing will not begin to run until Aviles' transfer into federal custody after resolution of his state case.

Accordingly, the undersigned **RESPECTFULLY RECOMMENDS** that the Motion to Dismiss, (Doc. 110), be **DENIED**.

## NOTICE TO PARTIES

The party has **fourteen days** from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

**RECOMMENDED** in Orlando, Florida, on September 22, 2025.

NATHAN W. HILL
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

Unrepresented Prisoner